ROBERT L. STAINBACK v. INVESTOR'S CONSOLIDATED INSURANCE COM-
PANY

No. 829SC1041

(Filed 20 September 1983)

**Insurance § 44.1— group hospitalization policy—violation of 75% employee cover-
age requirement—policy not void**
  Violation of the 75% employee coverage requirement of G.S. 58-254.4(b)
for a group hospitalization insurance policy did not void the policy but merely
gave the insurer the right to cancel the policy. G.S. 58-258(b).

APPEAL by defendant from *Smith, Judge*. Judgment entered
13 May 1982 in Superior Court, VANCE County. Heard in the
Court of Appeals 26 August 1983.

This is an action seeking payment of a claim under a hos-
pitalization insurance certificate underwritten by defendant
insurance company pursuant to the terms of a master group in-
surance contract. In completing the insurance application, plaintiff
listed the number of full-time employees at his business as one,
although both plaintiff and the defendant's agent knew that this
information was inaccurate. Plaintiff, who was president of his
company, had informed the agent that there was one other full-
time employee of his company but that this employee would soon
resign. The agent represented to plaintiff that he had discussed
the question with the president of defendant insurance company
and that the president had authorized the issuance of the policy
covering only plaintiff.

The policy, providing medical coverage for plaintiff and his
dependents, was issued by defendant on 1 December 1976 and
continued in effect until the premium refund was made in 1978.
On 21 May 1977, plaintiff's minor son was severely injured and
hospitalized. Plaintiff filed a claim and defendant refused payment
because of noncompliance with terms of the certificate and the
master policy requiring that not less than seventy-five percent of
the employees of a business participate in the insurance coverage
under the master policy. In May of 1977, there were still two
employees of plaintiff's business because the second employee had
not resigned. Plaintiff was the only employee participating in the
group insurance plan.

From judgment of the trial court, sitting without a jury, in favor of plaintiff, defendant appeals.

*Bobby W. Rogers, for plaintiff-appellee.*

*Butler, High, Baer and Jarvis, by Sneed High, for defendant-appellant.*

EAGLES, Judge.

Defendant asserts that the trial court erred in ruling that as a matter of law plaintiff was entitled to recover damages under the group hospitalization insurance policy. The dispositive issue is whether plaintiff's noncompliance with the 75% employee coverage requirement voids this group health insurance policy contract. We hold that it does not.

G.S. 58-254.4(b) provides that: "No policy or contract of group accident, group health, or group accident and health insurance shall be delivered or issued for delivery in this State unless the group of persons thereby insured conforms to the requirements of the following: . . . the group shall comprise not less than seventy-five percent (75%) of all persons, eligible of any class or classes of employees, or agents, determined by conditions pertaining to the employment or agency." To ascertain the effect of violation of this statutory 75% rule, we look to G.S. 58-258(b). It provides as follows:

> A policy delivered or issued for delivery to any person in this State in violation of this Subchapter shall be held valid but shall be construed as provided in this Subchapter. When any provision in a policy subject to this Subchapter is in conflict with any provision of this Subchapter, the rights, duties and obligations of the insurer, the insured and the beneficiary shall be governed by the provisions of this Subchapter.

Violation of the 75% employee coverage requirement for a group policy under G.S. 58-254.4(b) does not automatically void the policy. Pursuant to G.S. 58-258(b), a policy issued in violation of the statute "shall be held valid." Thus, a violation merely gives the insurance company the right to cancel the policy.

This conclusion is supported by language from defendant's Master Policy which provides:

> The Company reserves the right to terminate insurance with respect to all employees of any member if the total number of employees, with respect to said number recorded reported for insurance hereunder is less than seventy-five percent of such members employees eligible for insurance hereunder.

By this language, defendant spelled out its remedy, i.e., the right to terminate coverage, if the total enrollees fell below 75% of the eligible employees. clearly defendant did not make 75% participation in the group plan a condition going to coverage or scope. To cancel this policy, the defendant would have had to take timely affirmative action. It did not do so and accordingly is bound by the clear language of the statutes and its own policy. A health insurance company cannot avoid liability on its policy by passive reliance on policy language which merely reserves for the insurance company the right to cancel the policy for noncompliance with its group enrollment minimum percentage requirement.

Though not the basis for our decision here, we note that the trial court found as a fact and concluded as a matter of law that defendant company's president had been informed by its agent Stewart of the plaintiff's failure to meet the 75% minimum enrollment criteria and that defendant's president McKee "specifically authorized Percy Stewart to accept and submit the application of the plaintiff and deliver the policy to the plaintiff knowing that 75% of West End Used Cars, Inc., would not be covered" and that the policy was "specifically authorized for issuance in violation of N.C.G.S. (58-) 254.4(b) [sic] by George McKee."

Affirmed.

Judges BECTON and JOHNSON concur.